JOHN ALEXANDER, )
)
Plaintiff, )
)
vs. ) Civil Action No. 3:24-cv-232
) Judge Stephanie L. Haines
GEORGE LITTLE, *et al.*, ) Magistrate Judge Kezia O.L. Taylor
)
Defendants. )
)

## MEMORANDUM ORDER

Presently before the Court is a Complaint in Civil Action pursuant to 42 U.S.C. § 1983 filed *pro se* by John Alexander ("Plaintiff") (ECF No. 1). Plaintiff asserts that while he was incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset") his civil rights were violated when he was placed into the Drug Elimination Management Operation program ("DEMO"). He alleges that his transfer into the DEMO program was in retaliation for filing grievances and a lawsuit against prison officials at another prison. This case was referred to Magistrate Judge Kezia Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On December 3, 2025, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 49) recommending that Plaintiff's Complaint (ECF No. 1) be dismissed for failure to prosecute in contemplation of the *Poulis* factors. ECF No. 49, pp. 4-9; *See Poulis v. States Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed however, Plaintiff timely filed a Motion to Extension to file an Amended Complaint (ECF No. 50). The Court held Magistrate Judge Taylor's Report and Recommendation

1

in abeyance and granted the extension. Plaintiff was to file his amended complaint on or before February 2, 2026 (ECF No. 51). To date Plaintiff has not filed an amended complaint or objections to the Report and Recommendation, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 49) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Taylor in this matter. Judge Taylor correctly determined that Plaintiff has failed to effectively prosecute his case under the *Poulis* factors. The Court summarizes the languishing docket in this case, first provided by Judge Taylor.

> Following the issuance of this Court's first Order to Show Cause because of Plaintiff's failure to pay an initial filing fee, Plaintiff remitted the appropriate payment and service of his complaint ordered. ECF Nos. 13-16. On March 31, 2025, Defendants filed a motion to dismiss with a supporting brief. ECF Nos. 27, 28. On April 28, 2025, this Court issued an order directing Plaintiff to respond to the pending motion to dismiss by May 29, 2025. ECF No. 29. As of June 11, 2025, Plaintiff had not yet responded to the motion prompting this Court to issue an [Second] Order to Show Cause, directing Plaintiff to file his response on or before June 25, 2025. ECF No. 35. Two days later, on June 13, 2025, Plaintiff filed a motion seeking an extension of time to respond to Defendants' motion. ECF No. 36. This Court granted Plaintiff's motion and afforded him an additional 30 days in which to submit his response. ECF No. 37. On July 31, 2025, Plaintiff sought another extension of time to respond to Defendants' motion. ECF No. 42. This Court, again, granted Plaintiff's motion and directed that he files his response no later than September 15, 2025, cautioning Plaintiff that this was the last extension that would be entertained. ECF No. 43. Following a month-long stay of numerous cases involving the Pennsylvania Office of Attorney General, which included Plaintiff's action, the stay was lifted and Plaintiff was directed to file his response to Defendants' motion by November 5, 2025. ECF Nos. 44-46. On November 4, 2025, Plaintiff filed what was docketed as a Response to Motion to Dismiss; however, the filing was in actuality a request to file an amended complaint. ECF No. 47. This Court granted Plaintiff's request, and ordered him to file his amended pleading by November 26, 2025. ECF No. 48. As of the date of this Report and Recommendation, no amended pleading has been filed.

ECF No. 49, pp. 2-3. After the numerous opportunities that Plaintiff was provided by Judge

Taylor to progress his case, this Court afforded Plaintiff yet another extension that went unanswered. Plaintiff has wasted enough time and resources of the Federal Judiciary. Accordingly, the following order is entered:

## ORDER

AND NOW, this 9th day of February, 2026, IT IS ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED for failure to prosecute; and,

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 49) is adopted as the Opinion of the Court.

The Clerk of Court is to mark this case closed.

Stephanie L. Haines
United States District Judge

John Alexander
HB6099
SCI Green
169 Progress Drive
Waynesburg, PA 15370
Pro Se

3