IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:24-cv-232 |
| ) | Judge Stephanie L. Haines |
| GEORGE LITTLE, *et al.*, ) | Magistrate Judge Kezia O.L. Taylor |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER ON MOTION TO REOPEN CASE

Before the Court is Plaintiff, John Alexander's ("Plaintiff") Motion to Reopen the Case (ECF No. 56), filed after a long and drawn-out procedural history of a case that languished for 16 months. The Court will take the time to explain in detail the more than ample amount of time it provided Plaintiff to prosecute his case.

Plaintiff first filed his Complaint (ECF No. 1) on October 3, 2024. He erroneously filed it in the Middle District of Pennsylvania and it was transferred to the Western District of Pennsylvania the next day (ECF No. 4). After granting leave to proceed *in forma pauperis* (ECF No. 10), the Complaint was lodged on October 25, 2024 (ECF No. 12). Immediately, it was a slog for the Court to get Plaintiff to properly and efficiently prosecute his case. On December 6, 2024, the Court issued a Rule to Show Cause (ECF No. 13) as to why the case should not be dismissed for Plaintiff's failure to pay the partial initial filing fee. Once Plaintiff complied, the United States Marshal was directed to serve Plaintiff's Complaint on Defendants (ECF No. 16).

Defendants entered their appearance on February 28, 2025 (ECF Nos. 22-24).

On March 31, 2025, Defendants filed a motion to dismiss with a supporting brief (ECF Nos. 27, 28). [After Plaintiff failed to respond], [o]n April 28, 2025, [the Magistrate Judge] issued an order directing Plaintiff to respond to the pending motion to dismiss by May 29, 2025 (ECF No. 29). As of June 11, 2025, Plaintiff

1

> had not yet responded to the motion prompting [the Magistrate Judge] to issue a [Second] Order to Show Cause, directing Plaintiff to file his response on or before June 25, 2025 (ECF No. 35). Two days later, on June 13, 2025, Plaintiff filed a motion seeking an extension of time to respond to Defendants' motion (ECF No. 36). [The Magistrate Judge] granted Plaintiff's motion and afforded him an additional 30 days in which to submit his response (ECF No. 37). [Thus, his response was due on July 25, 2025.] On July 31, 2025, Plaintiff sought another extension of time to respond to Defendants' motion (ECF No. 42). [The Magistrate Judge], again, granted Plaintiff's motion and directed that he file his response no later than September 15, 2025, cautioning Plaintiff that this was the last extension that would be entertained (ECF No. 43). Following a month-long stay of numerous cases involving the Pennsylvania Office of Attorney General, which included Plaintiff's action, the stay was lifted and Plaintiff was directed to file his response to Defendants' motion by November 5, 2025 (ECF Nos. 44-46). On November 4, 2025, Plaintiff filed what was docketed as a Response to Motion to Dismiss; however, the filing was in actuality a request to file an amended complaint (ECF No. 47). [The Magistrate Judge] granted Plaintiff's request, and ordered him to file his amended pleading by November 26, 2025 (ECF No. 48).

ECF No. 49, pp. 2-3.

Plaintiff, after what this Court deems to be at least five extensions, again failed to submit a pleading in this case to progress its prosecution. On December 3, 2025, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 49) recommending that Plaintiff's Complaint (ECF No. 12) be dismissed for failure to prosecute in contemplation of the *Poulis* factors. ECF No. 49, pp. 4-9; *See Poulis v. States Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, however, on December 16, 2025, Plaintiff timely filed a fifth Motion for Extension and what would be his second extension to file an amended complaint (ECF No. 50). This Court held Magistrate Judge Taylor's Report and Recommendation in abeyance and granted the extension (ECF No. 51). Plaintiff was provided an additional month and a half to file the amended complaint on or before February 2, 2026 (ECF No. 51). This Court waited an additional week after the deadline to February 9, 2026, to adopt Magistrate Judge Taylor's Report and Recommendation and at that time dismissed the case for

failure to prosecute (ECF No. 52).

The Clerk of Court noted that it had received yet another Motion for Extension of Time (ECF No. 53)- Plaintiff's sixth request for extension - on February 6, 2026, that was inadvertently omitted from the docket. It was received untimely but the Court notes that according to the postmark it was sent on February 2, 2026 (ECF No. 53-1), which would be timely had it been the amended complaint under the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 267(1988) ("[T]he moment of filing here should be the moment when the *pro se* prisoner necessarily loses control over his notice: the moment of delivery to prison authorities for forwarding."). The Court acknowledged the request for extension and denied it citing the long history of extensions without progress in this case (ECF No. 54). An amended complaint was due on February 2, 2026, the Plaintiff *sent* a Motion for Extension on February 2, 2026, surely knowing that he would not meet the deadline to communicate with the Court; this again after a long history of dilatoriness. This has been a continuous pattern of failure to comply with Court orders that the Court has graciously entertained for over a year and on which it is no longer willing to waste resources. To add insult to injury, Plaintiff on February 19, 2026, filed an Amended Complaint 17 days past due date and ten days after his case has been dismissed. The postmark on the envelope is February 10, 2026, a full week after the pleading was due. The Court declined to review it as untimely.

Now, Plaintiff files a Motion to Reopen the Case (ECF No. 56) citing the reasons for his delinquency that he couldn't use the law library because of staff absenteeism, recent weather, recent holidays, and ongoing covid-19 operations. ECF No. 56, ¶ 2. The Court finds these excuses unconvincing and disingenuous as to his recent failures to communicate with the Court timely and most certainly doesn't explain the year-long history of delay. Plaintiff has been given more than

3

enough time to prosecute his case.  The Motion to Reopen Case (ECF No. 56) is DENIED.

DATE:  March 2, 2026

_____
Stephanie L. Haines
United States District Judge